# EXHIBIT A
## ISO PETITION AND NOTICE OF REMOVAL

337803

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/28/2023 10:39 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FEDEX, INC. and DOES 1 through 100, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RICHARD CHASE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**23STCV14906** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Charles M. Ray, Spencer Seyb, RAY & SEYB 2062 Business Center Drive, Suite 230, Irvine, California (949) 734-7333

| DATE: 06/28/2023<br>*(Fecha)* | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* | S. Bolden | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  **FedEx, Inc**
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 11



| | |
|---|---|
| 1 | RAY & SEYB LLP |
| | CHarles M. Ray SBN 282440 |
| 2 | SPENCER L. SEYB, SBN 282501 |
| | 2062 Business Center Dr. Suite 230 |
| 3 | Irvine, CA 92612 |
| | Tele: 949-734.7333 |
| 4 | Fax:  949-274-8151 |
| | c.ray@rayseyb.com |
| 5 | s.seyb@rayseyb.com |
| 6 | |
| | Attorneys for Plaintiff, |
| 7 | RICHARD CHASE |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| RICHARD CHASE an individual, | CASE No.: |
| | [Before the Hon.                    ] |
| Plaintiff, | |
| | **COMPLAINT FOR MONETARY** |
| v. | **DAMAGES AND DEMAND FOR JURY** |
| | **TRIAL.** |
| FEDEX, INC.; and DOES 1 through 100, inclusive, and each of them, | 1.   WRONGFUL TERMINATION / IN VIOLATION OF PUBLIC POLICY; |
| Defendants, | 2.   DISABILITY DISCRIMINATION |
| | 3.   RETALIATION |
| | 4.   HOSTILE WORK ENVIRONMENT; |
| | 5.   FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION; |
| | 6.   FAILURE TO ACCOMMODATE |
| | 7.   FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS |
| | 8.   NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION; |
| | 9.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. |

-1-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Ray&SeyblLP

## I.   INTRODUCTION

Defendants while employing Plaintiff permitted and fostered a work environment that included discriminating employees on the basis of disability. By use of seniority, required work function attendance among others, Defendants and their managing agents exploited Plaintiff by building a false sense of sincerity which ultimately mutated into a false facade of trust and closeness. The employment relationship was used and abused as a vehicle for this agenda and was dependent on it. As time quickly told, Plaintiff came to the realization of his differential treatment as a result of his disability. Consequently, Plaintiff was terminated from his position with Defendants.

## II.   PARTIES AND JURISDICTION

1.   Plaintiff RICHARD CHASE (herein "Plaintiff") is an individual residing in Orange, CA.

2.   Defendant FedEx, Inc. (herein "Defendant") is a business entity, located in California, County of Los Angeles, at 330 N. Brand Blvd., Suite 700, Glendale, CA 91203.

3.   Defendant and Does 1 through 100, at all relevant times were the agents and employees of one another, ratifying the acts of one another, and in doing the things hereinafter alleged were acting within the course and scope of the agency.

4.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.   Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, the Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants and in doing the things herein after alleged, were

-2-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**Ray&Seyb**LLP

1    acting within the course and scope of such agency or employment, and with the

2    approval and ratification of each of the other defendants.

3    6.    Plaintiff is informed and believe and thereon alleges that each of the fictitiously named

4        Defendant is responsible in some manner for the occurrences hereinafter alleged, and

5        that Plaintiff's injuries as herein alleged were proximately caused by the

6        aforementioned Defendants.

7    7.    The unlawful conduct alleged herein was committed within the County of Los Angeles

8        County.

9

### III.    FACTS COMMON TO ALL CAUSES OF ACTION

10

11    8.    Plaintiff began his employment with Defendants as a driver on July 7, 1997. Plaintiff's

12        job duties consisted of working driving, transporting and moving freight, moving large

13        containers weighing over 6,000 pounds, and loading trucks.

14    9.    On or about November 2021, Plaintiff began to experience pain to his hip during the

15        course and scope of his employment with Defendants. Plaintiff reported such pain to his

16        supervisor, Jeff, who did not send Plaintiff to seek medical care.

17    10.    Plaintiff's injuries to his hip were noticed by most of Defendants' employees given the

18        notable discomfort and limping displayed by Plaintiff while working. Plaintiff would

19        constantly be asked about his injuries and how he was doing by other coworkers. At

20        times, Defendant employees would even joke about Plaintiff's injuries. When an

21        employee was either walking slow or limping, one would say, "Why are you walking

22        like Richard?"

23    11.    On or about April of 2022, Plaintiff was terminated from his employment with

24        Defendants for an allegation regarding using an inappropriate word. Plaintiff sought

25        further information regarding such allegation, but was instead provided with vague

26

-3-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    information that would not assist Plaintiff with necessary information as part of any

2    investigation.

3    12.   On or about May 2022, Plaintiff was reinstated to work with Defendants after a further

4    review of the allegation against Plaintiff.

5    13.   On May 11, 2022, after Plaintiff was reinstated with Defendants, Plaintiff underwent a

6    hip replacement surgery that was related to the previous injury outlined in paragraphs

7    nine and ten.

8    14.   On August 15, 2022, Plaintiff returned to work after undergoing his hip replacement

9    surgery and on Plaintiff's first day of returning to work, Plaintiff was called into an

10    office to take part in a zoom meeting with Defendant's senior manager and human

11    resources. Such meeting was to discuss the allegation of the inappropriate word Plaintiff

12    had supposedly said.

13    15.   On August 25, 2022, Plaintiff was terminated from his employment with Defendants.

14    Defendants did not provide any clear reason to Plaintiff other than that his termination

15    had to do with the previous allegation regarding the inappropriate word.

16

17

### IV.   EXHAUSTION OF REMEDIES

18    16.   Plaintiff has exhausted all applicable administrative remedies. On June 22, 2023, an

19    Administrative Complaint was filed on Plaintiff's behalf with the California Department

20    of Fair Employment and Housing as to Defendants Only and a Right to Sue notice was

21    issued on that same day with assigned Case No.: 202306-21063422and is attached hereto

22    as Exhibit A.

23

### V.   FIRST CAUSE OF ACTION

24

WRONGFUL TERMINATION
(Against all Defendants)

25    17.   Plaintiff restates and incorporates herein by reference each and every allegation

26

-4-

Ray&SeybLLP

1    contained in paragraphs 1 through 16, inclusive, above.

2    18.    Defendant's retaliation, harassment and discrimination was a violation of California

3    Government Code § 12940.

4    19.    Plaintiff has been damaged as alleged above as a legal result of Defendant's unlawful

5    retaliation and harassment.

6    20.    Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

7    manner thereafter, a copy of which is attached hereto as Exhibit A. Accordingly,

8    Plaintiff has timely complied with all prerequisites to suit.

9

10    21.    The above-alleged actions of defendants were done with malice, fraud or oppression,

11    and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294

12    and in violation of the public policy of California. Specifically, defendants retaliated,

13    harassed and discriminated against Plaintiff thereby entitling plaintiff to exemplary or

14    punitive damages.

15    22.    As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

16    above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

17    benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

18    not been wrongfully terminated by Defendant. As a further proximate result of

19    Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been

20    harmed in that Plaintiff has suffered intangible loss of employment-related

21    opportunities. As a further proximate result of Defendant's wrongful actions against

22    Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

23    humiliation, mental anguish, emotional and physical distress, anxiety, and has been

24    injured in the mind and body.

25    23.    The wrongful conduct of Defendant set forth herein above was perpetrated upon

26

-5-

Ray&Seyb**LLP**

1   Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights

2   and safety and with a callous indifference to the injurious consequences which were

3   substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is

4   further informed and believes that each business or corporate employer, through its

5   officers, directors and managing agents, and each individual defendant, including

6   without limitation, had advance knowledge of the wrongful conduct set forth above and

7   allowed said wrongful conduct to occur and continue to occur, thereby ratifying said

8   wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and

9   after becoming aware of their wrongful conduct, each corporate Defendant by and

10  through its officers, directors and managing agents, and each individual Defendant,

11  authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks

12  exemplary and punitive damages against Defendant in an amount per proof.

13
           **VI.   SECOND CAUSE OF ACTION**

14
                        DISABILITY DISCRIMINATION
15                           (Against all Defendants)

16  24.  Plaintiff restates and incorporates by reference each and every allegation contained in

17       paragraphs 1 through 23, inclusive, as though fully set forth herein.

18  25.  At all times relevant to this Complaint, California Government Code § 12900 et seq.

19       and its implementing regulations was in full force and effect.

20  26.  Pursuant to Government Code § 12940(a) it is unlawful for an employer to discriminate

21       against an employee because of that employee's physical or mental disability

22  27.  Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail or

23       refuse to provide a reasonable accommodation to an employee with a physical or mental

24       disability.

25

26

27

-6-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

28. Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage in the interactive process to assess whether or not a reasonable accommodation could be made for an employee with a physical or mental disability.

29. Pursuant to Government Code § 12926 and § 12926.1, and the DFEH, irritable bowel syndrome qualifies as a physical disability. In addition, the Defendants regarded or treated Plaintiff as though he had a disability as defined by these sections.

30. Pursuant to FEHA, a disability can be defined as a physical or mental impairment that limits a major life function, such as working. Under the FEHA, irritable bowel syndrome, would qualify as a disability.

31. At all times relevant to this Complaint, Plaintiff was qualified for, and could perform the essential functions of his position with the Defendants, with or without reasonable accommodation.

32. The Defendants violated Government Code § 12940(a), (m), and (n) by, among other things, failing to engage in the interactive process, failing to provide reasonable accommodations, and terminating Plaintiff's employment.

33. Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly, Plaintiff has timely complied with all prerequisites to suit.

34. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

35. Plaintiff was injured and damaged as alleged above as a direct and legal result of the Defendants' conduct.

-7-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

36. The above-alleged actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants unlawfully harassed, retaliated and terminated Plaintiff, thereby entitling Plaintiff to exemplary or punitive damages.

37. As a proximate result of Defendants' wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully terminated by Defendants. As a further proximate result of Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of employment-related opportunities. As a further proximate result of Defendants' wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

38. The wrongful conduct of Defendants set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and

-8-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

after becoming aware of their wrongful conduct, each corporate Defendant by and

through its officers, directors and managing agents, and each individual Defendant,

authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks

exemplary and punitive damages against Defendant in an amount according to proof.

## VII.   THIRD CAUSE OF ACTION

RETALIATION
(Against All DEFENDANTS)

39.   Plaintiff restates and incorporates by reference each and every allegation contained in

paragraphs 1 through 38 inclusive, as though fully set forth herein.

40.   In violation of Cal. Govt. Code 12940, et seq., Defendant, as alleged herein above,

retaliated against Plaintiff for informing management about continued racial harassment

and a hostile work environment, a protected activity, by subjecting her to adverse

employment actions including, but not limited to the following:

a)      Treating Plaintiff less favorably than her co-workers;

b)      Denying Plaintiff the benefits and privileges of his employment;

c)      Subjecting Plaintiff to unwarranted disciplinary actions;

d)      Defaming Plaintiff's character and professional reputation;

41.   Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly,

Plaintiff has timely complied with all prerequisites to suit.

42.   As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

not been wrongfully terminated by Defendant.  As a further proximate result of

Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been

-9-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

harmed in that Plaintiff has suffered intangible loss of employment-related opportunities. As a further proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

43.     The wrongful conduct of Defendant set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

44.     The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant's actions. Defendant authorized, condoned and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

45.     Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance

-10-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendant's actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

## VIII.    FOURTH CAUSE OF ACTION

HOSTILE WORK ENVIRONMENT
(Against All DEFENDANTS)

46.   Plaintiff incorporates by reference and realleges paragraphs 1 through 45, inclusive, as though set forth fully herein.

47.   Defendants' actions, as alleged above, resulted in a work environment which was hostile to Plaintiff and said hostile environment permeated Plaintiff's workplace.  Additionally, Defendants' actions as alleged above were unwelcome to Plaintiff and negatively altered Plaintiff's workplace by creating an environment hostile to Plaintiff.

48.   Defendant and DOES 1 - 100, and each of them, caused, allowed, and failed to prevent a hostile work environment for Plaintiff.

49.   As a result of such discrimination, as ratified and authorized by Defendants, Plaintiff was violated in her person, humiliated, and subjected to severe emotional distress and damage as well.

50.   The foregoing conduct violates the California Fair Employment and Housing Act, Government Code Section 12940, et seq.

51.   Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly, Plaintiff has timely complied with all prerequisites to suit.

-11-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

52. The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

53. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff. For the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

54. Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants

## IX.   FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION, HARASSMENT OR RETALIATION
#### (Against All DEFENDANTS)

55. Plaintiff incorporates by reference and realleges paragraphs 1 through 54 inclusive, as

-12-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

though set forth fully herein.

56. California Government Code section 12940(k) provides that it is unlawful for any employer or covered entity to fail to take all reasonable steps necessary to prevent retaliation from occurring.

57. Defendant failed to take all reasonable steps necessary to prevent retaliation from occurring.

58. Again, Defendant allowed Plaintiff to be to unpaid wages and prohibited Plaintiff from taking proper meal and rest breaks.

59. Among other things, Defendant failed to train and adequately supervise its employees in order to ensure that these employees were not violating the Fair Employment and Housing Act in their treatment of other employees.

60. In committing these actions, Defendant violated the Fair Employment and Housing Act. Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff.

61. Defendant, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

62. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

63. The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful

-13-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

2    of punitive damages in an amount to be determined at trial.

3                    **X.    SIXTH CAUSE OF ACTION**

4                        FAILURE TO ACCOMMODATE
                         (Against All DEFENDANTS)

5    64.    Plaintiff restates and incorporates by reference each and every allegation contained in

6           paragraphs 1 through 60, inclusive, as though fully set forth herein.

7    65.    ADA [42 USC §12112(b)(5)(A); 29 CFR §1630.9 & Pt. 1630, App.§1630.9]; and

8           California Government Code §12940(m) provides that it is unlawful for an employer to

9           fail to make reasonable accommodation for the known physical disability of an

10          employee.

11   66.    Defendants failed to make reasonable accommodation for Plaintiff's known disabilities

12          of his hips and failed to make adequate job changes to accommodate which culminated

13          in Defendant terminated Plaintiff's employment.

14

15   67.    As a proximate result of the wrongful conduct of Defendants, and each of them,

16          Plaintiff has suffered and continues to sustain substantial losses in earnings and other

17          employment benefits in an amount according to proof at the time of trial.

18   68.    As a proximate result of the wrongful conduct of Defendants, and each of them,

19          Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all

20          to his damage in an amount according to proof at the time of trial.

21   69.    The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and

22          supervisors as described herein was malicious, oppressive, and done with willful and

23          conscious disregard for Plaintiff's rights and for the deleterious consequences of

24          Defendant's actions.  Defendant authorized, condoned and ratified the unlawful conduct

25

26

27

-14-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeyblLLP

1    of each and every one of them.  Consequently, Plaintiff is entitled to an award of

2    punitive damages in an amount to be determined at trial.

3    ### XI.    SEVENTH CAUSE OF ACTION

4    FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
     (Against All DEFENDANTS)

5    70.    Plaintiff restates and incorporates by reference each and every allegation contained in

6    paragraphs 1 through 69, inclusive, as though fully set forth herein.

7    71.    California Government Code section 12940(n) provides that it is unlawful for any

8    employer or covered entity to fail to engage in a timely, good faith, interactive process

9    with the employee to determine effective reasonable accommodations, if any, in

10   response to a request for reasonable accommodation by an employee with a known

11   physical disability or known medical condition.

12   72.    At all times relevant hereto, Defendant was aware of Plaintiff's physical disability.

13   Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to

14   determine effective reasonable accommodations for Plaintiff.

15
16   73.    In committing these actions, Defendant violated the Fair Employment and Housing Act.

17   74.    Defendant committed the acts alleged herein oppressively and maliciously, with the

18   wrongful intention of injuring Plaintiff, from an evil and improper motive amounting to

19   malice, and in conscious disregard of Plaintiff's rights, in that Defendant failed to

20   engage in a timely, good faith, interactive process with Plaintiff despite the fact that

21   they were aware that Plaintiff were disabled. Thus, Plaintiff is entitled to recover

22   punitive damages from Defendant.

23   75.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

24   amount according to proof.

25
26
27

-15-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

76.   The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.  Defendants authorized, condoned and ratified the unlawful conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

## XII.   **EIGHTH CAUSE OF ACTION**

NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
(Against All DEFENDANTS)

77.   Plaintiff incorporates by reference and realleges paragraphs 1 through 76, inclusive, as though set forth fully herein.

78.   Defendants owed Plaintiff a duty to protect her from employees who they knew or should have known created a risk of injury to Plaintiff. Defendants breached such duty by hiring and continuing to employ such employees, and by failing to adequately supervise the workplace despite the fact that they knew, or should have known, that the work environment was unsafe, hostile, and retaliatory to Plaintiff and others, as alleged herein.

79.   By Defendants' aforesaid acts and omissions, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, in an amount according to proof at the time of trial.

80.   As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully terminated by Defendant.  As a further proximate result of

-16-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of employment-related opportunities.  As a further proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

81.  The wrongful conduct of Defendant set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks exemplary and punitive damages against Defendant in an amount according to proof.

### XIII.    NINTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All DEFENDANTS)

82.  Plaintiff incorporates by reference and realleges paragraphs 1 through 81, inclusive, as though set forth fully herein.

83.  Defendants' conduct was done with reckless disregard of the probability of causing

-17-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff emotional distress or with the intent of causing Plaintiff to suffer emotional distress.

84.   Plaintiff did in fact suffer severe emotional distress.  Plaintiff's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

85.   Moreover, Defendants' conduct was oppressive, fraudulent, malicious, despicable, and outrageous, and was carried on by Defendants with willful disregard of the rights or safety of Plaintiff.  Defendants therefore subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

86.   Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

87.   Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or joint ventures of the other Defendants, and each of them, and in doing the things

-18-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeyblLP

alleged herein, were acting at least in part within the course and scope of said agency,

employment, conspiracy, joint employer, alter ego status, and/or joint venture and with

the permission and consent of each of the other Defendants.

88.   The conduct of Defendant, and Does 1 through 100 and/or their agents, employees,

supervisors as described herein was malicious, oppressive, and done with willful and

conscious disregard for Plaintiff's rights and for the deleterious consequences of

Defendants' actions.  Defendants authorized, condoned, and ratified the unlawful

conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

of punitive damages in an amount to be determined at trial.

## XIV.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff RICHARD CHASE on behalf of his self, requests the

following relief as against Defendant and DOES 1 through 100, as follows:

1.   For compensatory economic damages according to proof including losses

incurred in seeking substitute employment and loss of earnings, and other

employment benefits;

2.   For compensatory non-economic damages for losses resulting from humiliation,

mental anguish, and emotional distress according to proof;

3.   For punitive damages according to proof;

4.   For costs incurred by Plaintiff, including reasonable attorneys' fees;

5.   For such other and further relief as the Court may deem proper.

6.   Plaintiff further requests a jury trial on all issues.

## XV.   DEMAND FOR JURY TRIAL

Plaintiff RICHARD CHASE requests a jury trial on all issues.

Respectfully submitted,

-19-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeyblLP

1    DATED: June 27, 2023                 **RAY & SEYB LLP**

2

3                              By: _____

4                              Charles M. Ray
                                 Attorney for Plaintiff
                                 RICHARD CHASE

-20-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT A

-21-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Charles M. Ray SBN 282440; Spencer L. Seyb, SBN 282501 RAY & SEYB LLP, 2062 Business Center Drive, Suite 230, Irvine, California 92612 | |

TELEPHONE NO.: **(949) 734-7333** FAX NO.:

ATTORNEY FOR *(Name):* **Plaintiff, Richard Chase**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: **111 N. Hill St.**
MAILING ADDRESS:
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Stanley Mosk Courthouse**

CASE NAME:
**RICHARD CHASE v. FEDEX INC.**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **ADJ16788266** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

REJECTED

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 9
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 27, 2023

CHARLES M. RAY      *Charles M. Ray*
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| Chase v. FedEx | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Chase v. FedEx | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Chase v. FedEx | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Chase v. FedEx | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE<br>Chase v. FedEx | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>330 N. Brand Blvd. Ste. 700 | |
|---|---|---|
| CITY:<br>Gelndale | STATE:<br>CA | ZIP CODE:<br>91203 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 06/27/2023

*Charles M. Ray*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 39



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial.  The main types of ADR are negotiation, mediation, arbitration, and settlement conferences.  When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR).  These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:**  ADR is faster than going to trial.
- **Saves Money:**  Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties):  Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:**  If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:**  ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:**  Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial.  If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:**  In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome.  Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )      FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL                                                        )
                                                                        )
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

   a) Trial Court Records

      Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

   b) Represented Litigants

      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

   c) Public Notice

      The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1      d)  Documents in Related Cases

2          Documents in related cases must be electronically filed in the eFiling portal for that case type if

3          electronic filing has been implemented in that case type, regardless of whether the case has

4          been related to a Civil case.

5  3)  EXEMPT LITIGANTS

6      a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7          from mandatory electronic filing requirements.

8      b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9          Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10         from filing documents electronically and be permitted to file documents by conventional

11         means if the party shows undue hardship or significant prejudice.

12 4)  EXEMPT FILINGS

13     a)  The following documents shall not be filed electronically:

14         i)      Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15               Civil Procedure sections 170.6 or 170.3;

16         ii)     Bonds/Undertaking documents;

17         iii)    Trial and Evidentiary Hearing Exhibits

18         iv)    Any ex parte application that is filed concurrently with a new complaint including those

19               that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20         v)     Documents submitted conditionally under seal.  The actual motion or application shall be

21               electronically filed.  A courtesy copy of the electronically filed motion or application to

22               submit documents conditionally under seal must be provided with the documents

23               submitted conditionally under seal.

24     b)  Lodgments

25         Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

---

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

   Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6)  TECHNICAL REQUIREMENTS

   a)  Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

   b)  The table of contents for any filing must be bookmarked.

   c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f)  Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g)  Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

---

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                          

11                                               KEVIN C. BRAZILE
                                                 Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>06/27/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Ruiz _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23STCV14906 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Daniel S. Murphy | 32 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/27/2023 _____
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Ruiz_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

<u>**INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES**</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

<u>**APPLICATION**</u>
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

<u>**PRIORITY OVER OTHER RULES**</u>
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>**CHALLENGE TO ASSIGNED JUDGE**</u>
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>**TIME STANDARDS**</u>
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

<u>**COMPLAINTS**</u>
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

<u>**CROSS-COMPLAINTS**</u>
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

<u>**STATUS CONFERENCE**</u>
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>**FINAL STATUS CONFERENCE**</u>
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

<u>**SANCTIONS**</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>**Class Actions**</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>**\*Provisionally Complex Cases**</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 50

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:               FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?   Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
      (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)
Date: _____

_____          ➤  _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

[Print]     [Save]                                                                                      [Clear]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 54

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 55

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

FEDEX'S PETITION AND NOTICE OF REMOVAL
EXHIBIT A, PAGE 56

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of
   the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar
   days following filing of the Request).

4. **For a Request for Informal Discovery Conference, _briefly_ describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, _briefly_ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

[ Print ]   [ Save ]                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

➤ _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)             (ATTORNEY FOR _____)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)             (ATTORNEY FOR _____)

Date: _____

➤ _____
        (TYPE OR PRINT NAME)             (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
                         JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

1
2
3
4
5
6
7      **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8         **FOR THE COUNTY OF LOS ANGELES**
9

| | |
|---|---|
| General Order Re                        ) | ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation   ) | EXTENDING TIME TO RESPOND BY |
| Stipulations                            ) | 30 DAYS WHEN PARTIES AGREE |
|                                         ) | TO EARLY ORGANIZATIONAL |
|                                         ) | MEETING STIPULATION |
| _____       ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_          _Carolyn G. Kuhl_

5                                  Carolyn B. Kuhl, Supervising Judge of the
                                   Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

1  RAY & SEYB LLP
   CHARLES M. RAY SBN 282440
2  SPENCER L. SEYB, SBN 282501
   2062 Business Center Drive, Suite 230
3  Irvine, CA 92612
   Tele: 949-734.7333
4  Fax:  949-274-8151
   c.ray@rayseyb.com
5  s.seyb@rayseyb.com

6  Attorneys for Plaintiff:
   RICHARD CHASE
7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF LOS ANGELES**

10

11

12  RICHARD CHASE an individual,        | CASE No.: 23STCV14906

                        Plaintiff,       | **AMENDMENT TO COMPLAINT**
13                                        | **NAMING DOE 1**

14  v.

15  FEDEX, INC.; and DOES 1 through 100,
    inclusive, and each of them,
16
                        Defendants
17

18

19

20

21

22

23

24

25

26

27

28
                        -1-

1    Upon the filing of the complaint, the plaintiff being ignorant of the true name of the

2    following defendant and having designated this defendant in the complaint by a fictitious name,

3    hereby identifies defendant's true name as follows:

4        DOE 1:  Federal Express Corporation

5

6    DATED: September 14, 2023                    **RAY & SEYB LLP**

7                                                 By:

8                                                 Charles M. Ray
                                                  Attorney for Plaintiff
9                                                 RICHARD CHASE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
AMENDMENT TO COMPLAINT NAMING DOE 1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I certify and declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2062 Business Center Drive, Ste. 230, Irvine, CA 92612.

On **September 14, 2023**, I served:

**AMENDMENT TO COMPLAINT NAMING DOE 1**

on the party(ies) of record in this action by transmitting pdf versions of them via electronic mail to the person identified below and using the email address indicated.

| | |
|---|---|
| Jane M. Flynn, Esq.<br>FEDERAL EXPRESS CORPORATION<br>2601 Main Street<br>Suite 340<br>Irvine, CA 92614<br>Email: jane.flynn@fedex.com | Attorneys for Defendant<br>**FEDERAL EXPRESS**<br>**CORPORATION** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 14, 2023

By: *Andrea Dubois*

ANDREA DUBOIS

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

07/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
M. Navarro

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Richard Chase

DEFENDANT:
FedEx Inc.

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23STCV14906

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/23/2023 | Time: 8:30 AM | Dept.: 32 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:   07/07/2023

_____
Daniel S. Murphy / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Charles M. Ray
2062 Business Center Drive
Ste 230
Irvine, CA 92612

David W. Slayton, Executive Officer / Clerk of Court

Dated:   07/07/2023

By _M. Navarro_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

### NOTICE OF
### CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three